## MORRISON PAULDING *versus* ROSS WILKINS and JOHN S. BAGG impleaded with ELIJAH J. ROBERTS
### March 31, 1842.

D. E. Harbaugh & Rowland, attorneys for plaintiff in error.

D. Goodwin, attorney for defendant in error.

[INDORSEMENT]

Sup. Court 1ˢᵗ Cir.
Janʸ 1842

Paulding
vs.
Bagg et al } Writ of Error

Mo. to quash &
Mo. to amend.
29 March '42
*Mem° of Opinion.*

[OPINION]

Morrison Paulding
vs.
Ross Wilkins & John S.
Bagg, Jʳ impleaded with
E. J. Roberts
} Writ of Error to Wayne Circuit Court

A motion is made by the Defts. in Error that the Writ be set aside and quashed, on the ground that judgᵗ in the Court below was rendered against three Defts, to wit the present Defts in Error—Wilkins and Bagg, and also against Elijah J. Roberts.

From the return of the record to the writ of Error it appears that Judgᵗ was rendered against all the three Defts below.

The motion must be granted unless, the Court shall grant leave to amend the writ of Error, on the motion made by Plffs in Error.

The only question therefore is whether the amendment shall be allowed.

In support of the mo. to amend the counsel for the Plff re-
lies upon the Sect. 20 & 21, Chap. 8, Title 2 part 3ᵈ of the
Rev. Stat. Sect. 20 declares that "The Court in which any civil
action is pending, may at any time before judgᵗ rendered
therein, allow amendments, either in form or substance, of any
process, pleading or proceedings in such action, on such terms
as shall be just and reasonable"—

The counsel for the Defts contend that this provision does
not include Writs of Error, but only original suits pending
in Court and before final judgᵗ therein—in as much as there is
also in the Rev. Stat. express provision made for amendments
in causes pending on Writ of Error. The Sect. 21 of the Chap.
above cited, providing that defects or imperfections in matter
of form found in the record, or proceedings, may be amended
by the Court into which the record shall be removed by Writ
of error.

And that by Chap. 4. Title 4. pᵗ 3 of the Rev. Stat. regu-
lates the proceedings on writ of error.

Sect. 6 is in these words "The proceedings upon writs of
error as to the assignment of error, and as to the appearance
of the Deft in error, and the pleadings, judgᵗ and *all other
matters* not herein provided for, shall be according to the
Course of the Common law, as modified by the practice and
usage in this State, and such general rules as shall be made by
the Supreme Court."

We think the 20 Sect. does not relate to amendments on
Writ of Error—The amendments there allowed are ex-
pressly limited to amendments before *final* judgᵗ and the
Judgᵗ in the Circuit Court was a *final* judgᵗ—The judgᵗ
denominated final, does not mean a judgᵗ on a writ of error
in the appellate Court.

—And the statute having provided expressly for amend-
ments in causes pending on Writs of Error, this court must be
governed, in deciding this motion, by the course of the Com.

Law, and the practice and usage in this State—Because this court has not by any general rules provided for amendments—

Nor has any usage or practice obtained in this State except the course of the Com. law practice in this respect.

By the practice of the Com. law a writ of error cannot be amended by adding another party.

Nor is [it] allowed in England since the 5 G. 1 Ch. 13 which authorizes amendment in all writs of Error wherein there shall be *any variance from the original record, or other defect.*

One case is found (2 St. 682) where an amendment was allowed by adding other parties; but this has been overruled—2 Str. 1110—1 Lord Ray$^m$ 71    2 Lord Ray$^m$ 1403. & 8 T. R. 302.

In the case of Andrews & another, vs. Bostwich, 3 Mass R. where 2 only of those Defts against whom judg$^t$ was rendered, brought error, the writ was quash$^d$.

The case of Clapp vs. Bromagham et al, 8 Cowan & 9 Cowan, in the Court of Errors, cited in support of the mo. to amend, does not apply to this question—That was a Writ of Error on a Judg$^t$ of Partition of real estate—

The Petition was filed against Clapp, and others unknown, which was in conformity with the requirements of the Stat. respecting partition—

Clapp, the only one of the respondents named, or known, brought writ of error in his own name, omitting the words, "and others unknown["]—

—Deft in Error moved to quash on the ground that all the Respondents had not joined in bringing error—Plff in Error moved to amend by adding, and others unknown—The amendment was allowed, on the ground that it was a matter of form—merely descriptive of the proceedings—

And Spencer, Senator, in giving the opinion of the Court,

said the proceedings below were not according to the course of the Com. law, but peculiar, and given by the Stat. which declares that "any of the parties to such judg$^t$ may bring writ of Error.—The judg$^t$ determines nothing, nor can this court determine any thing respecting the persons "unknown."["]

The only question which can be agitated in this court relates to the rights of Clapp, the Plff in Error.

The practice of summons & severance does not apply. The reason given why all the Defts should join in a Writ of Error, is to prevent multiplicity of suits—that is, different suits presenting the same question, but if the judg$^t$ in partition be final, the same question will not be presented on different writs of error—But in this case the record is not correctly described—and the amendment was allowed.—

It will be seen therefore that in the case of Clapp vs. Bromagham, the amendment was allowed not for the purpose of adding substantially other parties, but merely that the writ might correspond with the description of the cause in the record—and on the ground that the proceedings were not according to the course of the Com. law.

This same question was decided in this Court on the 5 March '41 in the case of Ives vs. Chaffee—that was originally a Suit appealed from a justice of the peace into the Cir. Court of Wayne Co.—

Judg$^t$ was rendered in the Cir. Court against Ives the appellant, and Dubois his surety—Ives only sued out a Writ of Error—A mo. was made to quash on the ground that Dubois ought to have joined—and a Mo. by Plff to amend— The Mo. to amend was denied, on the authorities above cited —and the writ was quashed—Mo. to amend denied & the mo. to quash is granted—